# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, 4510                                                        Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

_____

gnaydenskiy@faillacelaw.com

**BY ECF**

**BY EMAIL**
Hon. Robert W. Lehrburger
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    Encalada et al v. Senator Construction Corporation et al -18-cv-03727-ER

Honorable Judge Lehrburger:

This office represents Plaintiffs in the above referenced matter.  The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiffs filed their Complaint[1] against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law § 195).

## SETTLEMENT TERMS

_____

[1] An additional Plaintiff retained Plaintiffs' counsel; since the parties were negotiating a settlement, an amended complaint was not filed but the additional Plaintiff is included in the settlement.

After reviewing records and spreadsheets provided by Defendants, Plaintiffs[2] would be entitled to back wages of approximately $6,123, $6,123 liquidated damages, and $40,000 for NYLL 195 violations as their best case scenario. In order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle this action for the total sum of $22,000. A copy of Defendants worse case damages chart (in other words, Plaintiffs' best case), breaking down the amount Plaintiffs' are owed from Defendants' prospective is attached hereto as Exhibit C[3].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual and legal disputes. Additionally, the Defendants have represented that the corporation is no longer in operation and finances are scarce. Therefore, Plaintiffs believe the settlement is reasonable because of the inherent litigation and collection risk.

## ATTORNEYS' FEES

---

[2] Including the unnamed Plaintiff.
[3] Additionally, the parties have a legal dispute if Plaintiff Chimbay can recover any money in a lawsuit due to a settlement between Defendants and the U.S. Department of Labor.

Plaintiffs' counsel will receive $7,259.98 (under one-third of the $22,000 settlement)

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  Counsel's lodestar is $7,292.50 in attorneys' fees and $602 in costs[4], making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

    i.    Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis.  Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.   Faillace's work is indicated by the initials "MF."

    ii.    Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December  2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."[5]

---

[4] A copy of Plaintiff's counsel's billing record is attached as "Exhibit B."
[5] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

Page 4

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS ENCALADA and JUAN PABLO ENCALADA FLORES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>— against —<br><br>SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), USMAN MUHAMMAD and ATIF RAFIQ (A.K.A. ATIQ REHMAN)<br><br>Defendants. | Case No.: 1:18-CV-03727-ER-RWL |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Luis Encalada, Juan Pablo, Luis Chimbay , and Manuel Chalco (hereinafter "Plaintiffs") and Defendants Senator Construction Corporation, Senator Construction Group, Inc., Haroon Contracting Group, Inc., Usman Muhammad, and Atif Rafiq (a/k/a/ Atiq Rehman) (hereinafter "Defendants" and with Plaintiffs, the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

     1.     **No Admission of Liability**. The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Encalada v. Senator Construction Group Inc. et al*, 1:18-CV-03727-ER-RWL, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit.

     2.     **Dismissal of Pending Action / No Further Actions**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to discontinue with prejudice, or cause to be discontinued with prejudice, the Pending Action; and (2) not to institute any action against Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement.

3. **Consideration.**

A. In consideration of the promises of Plaintiffs set forth herein, Defendants, jointly and severally, agree to pay the Plaintiffs and their attorneys the total sum of Twenty Two Thousand Dollars ($22,000.00) (hereinafter the "Settlement Payment").

B. If the Defendants fail to make timely payments described in this Section, or if any payment check fails to clear (i.e. bounces) on its respective payment date, Plaintiffs' Counsel shall provide a notice to cure to the Defendants via email to: 1) rehman@senatorconstruction.com with a copy to rafi@senatorconstruction.com. Defendants shall cure the default within fifteen (15) business days from the date on which the notice was delivered. If the default is not cured within the fifteen (15) day period, all remaining payments specified in this Section will become due immediately.

C. Plaintiffs' counsel shall execute and deliver by email to counsel for Defendants a valid IRS Form W-9 simultaneously with the execution of this Agreement. All settlement payments shall be sent via certified bank checks to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs" and delivered to One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

D. The parties expressly agree that the Court shall retain jurisdiction over this action until the final payment installment is made.

4. within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by PLAINTIFFSS' counsel, and the execution of W-9's and W-4's by the PLAINTIFFSS, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-FOUR CENTS ($7,333.34) payable as follows:

| Michael Faillace & Associates | $2,420 by IRS Form 1099 |
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

5. within sixty (60) days after Court approval of the settlement, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-THREE CENTS ($7,333.33) payable as follows:

| Michael Faillace & Associates | $2,419.99 by IRS Form 1099 |
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

6.      within ninety (90) days after Court approval of the settlement, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-THREE CENTS ($7,333.33) payable as follows:

| | |
|---|---|
| Michael Faillace & Associates | $2,419.99 by IRS Form 1099 |
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

7.      **Full Payment**:  Plaintiffs agree and affirm that the payments described in Paragraph 3A above shall constitute the entire amount of monetary consideration to be provided to them or their legal counsel by Defendants in exchange for the releases set forth in this Agreement. Plaintiffs agree that these payments are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

8.      **Release of All Wage and Hour Claims against Defendants**: Plaintiffs hereby release and forever discharge Defendants, and their directors, officers, partners, shareholders, representatives, agents, owners, insurers, successors, subsidiaries, assigns, heirs, executors, administrators, and attorneys (hereinafter "Releasees") from any and all wage and hour claims, causes of action, and demands which Plaintiffs now have or have ever had against Releasees for damages, salaries, wages, compensation, commissions, spread-of-hours pay, statutory damages, retaliation, unlawful wage deductions, misappropriation of gratuities, overtime wages, minimum wages, expense reimbursement, uniform pay, monetary relief, and any other benefits of any kind, liquidated, statutory, and other damages, statutory penalties, interest, attorneys' fees, and costs, for the claims brought in this action and any other claim that could have been brought under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Protection Act, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Miscellaneous Wage Order, 12 N.Y.C.R.R. Part 142, and all such additional wage and hour claims that arise out of the identical factual predicate as the claims raised in the Litigation (collectively, the "Released Claims"). This release does not affect or limit: (1) claims that may arise after the date Plaintiffs sign this Agreement, and (2) Plaintiffs' rights to enforce the terms of this Agreement.

9.      **Covenant Not to Sue:**

A.      Except as provided in this Agreement, Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Releasees (as defined above), concerning any matter released in this Agreement. Further, Plaintiffs waive any right to become, and promise not to voluntarily become, a member of any class or collective action in a case in which any claim or claims are asserted against the Releasees, involving any act or event occurring from the first day of the world through the Effective Date of this Agreement that has been released herein.

B.      Plaintiffs hereby represent that they have no other pending actions, administrative charges or complaints, grievances or arbitrations against the Releasees for claims

3

that are released pursuant to this agreement. Moreover, Plaintiffs represent that they are currently unaware of any pending claims relating to their prior employment with Releasees for claims released herein.

10. **Plaintiffs' Responsibility for Taxes**: Plaintiffs assume responsibility for the payment of any and all federal, state and local taxes which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws, with respect to their to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Plaintiffs understand and agree that Defendants and their attorneys are providing Plaintiffs with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiffs agree to indemnify Defendant and hold Defendant harmless for all taxes, penalties, and interest, withholding or otherwise, for which Defendant may be found liable as a consequence of having paid monies to Plaintiffs pursuant to this Agreement. It is expressly agreed that if Defendants are required to provide payments for taxes, interest, penalties or other costs or liabilities to any taxing authority, Plaintiffs shall reimburse Defendants for such payments to such taxing authority within ten (10) days after Defendant notifies Plaintiffs' counsel, in writing, that it has incurred such liability, along with Defendants' attorney and accounting fees incurred.

11. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Eastern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

12. **Neutral Reference.** If contacted by future employers, the Defendants will provide verification to such prospective employers and other third parties of the dates that Plaintiffs provided services for the Defendants and their position(s) held. The Defendants will also advise any prospective employer that this is the only information they provide to any prospective employer for any employee or independent contractor of Defendants.

13. **Interpretation/Jointly Drafted Agreement.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

14. **Competence to Waive Claims.** At the time of considering or executing the Agreement, the parties were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. The parties are competent to execute this Agreement and Plaintiffs knowingly and voluntarily waive any and all wage and hour claims they may have against Releasees.

4

15. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement, other than the representations expressly stated in the Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto.

16. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

17. **No Waiver**. Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

18. **Execution in Counterparts and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

19. **Binding on Assigns**. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, successors, legal administrators and assigns.

20. **Severability**. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

<u>**PLAINTIFFS:**</u>

Date: _____, 2019

5

Date: _____, 2019

Date: _____, 2019

Date: _____, 2019

**DEFENDANTS:**

**Senator Construction Group Inc.**

By:_____

Date: _____, 2019

**Senator Construction Corporation**

By:_____

Date: _____, 2019

_____

**Atiq Rehman**

Date: _____, 2019

_____

**Muhammad Usman**

Date: _____, 2019

6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ENCALADA and JUAN PABLO ENCALADA FLORES, individually and on behalf of others similarly situated,<br><br>                                         Plaintiffs,<br><br>— against —<br><br>SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC.  (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), USMAN MUHAMMAD and ATIF RAFIQ (A.K.A. ATIQ REHMAN)<br><br>                                         Defendants. | Case No.: 1:18-CV-03727-ER-RWL |

## SETTLEMENT AGREEMENT AND RELEASE

     Plaintiffs Luis Encalada, Juan Pablo, Luis Chimbay , and Manuel Chalco (hereinafter "Plaintiffs") and Defendants Senator Construction Corporation, Senator Construction Group, Inc., Haroon Contracting Group, Inc., Usman Muhammad, and Atif Rafiq (a/k/a/ Atiq Rehman) (hereinafter "Defendants" and with Plaintiffs, the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

     1.     **No Admission of Liability**. The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Encalada v. Senator Construction Group Inc et al*, 1:18-CV-03727-ER-RWL, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit.

     2.     **Dismissal of Pending Action / No Further Actions**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree: (1) to discontinue with prejudice, or cause to be discontinued with prejudice, the Pending Action; and (2) not to institute any action against Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement.

1

3.    **Consideration**.

    A.    In consideration of the promises of Plaintiffs set forth herein, Defendants, jointly and severally, agree to pay the Plaintiffs and their attorneys the total sum of Twenty Two Thousand Dollars ($22,000.00) (hereinafter the "Settlement Payment").

    B.    If the Defendants fail to make timely payments described in this Section, or if any payment check fails to clear (i.e. bounces) on its respective payment date, Plaintiffs' Counsel shall provide a notice to cure to the Defendants via email to: 1) rehman@senatorconstruction.com with a copy to rafi@senatorconstruction.com. Defendants shall cure the default within fifteen (15) business days from the date on which the notice was delivered. If the default is not cured within the fifteen (15) day period, all remaining payments specified in this Section will become due immediately.

    C.    Plaintiffs' counsel shall execute and deliver by email to counsel for Defendants a valid IRS Form W-9 simultaneously with the execution of this Agreement. All settlement payments shall be sent via certified bank checks to "Michael Faillace & Associates, P.C., as attorneys for Plaintiffs" and delivered to One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

    D.    The parties expressly agree that the Court shall retain jurisdiction over this action until the final payment installment is made.

4.    within thirty (30) days of Court approval of the settlement of this matter and upon the signing of this Agreement and execution of a W-9 by PLAINTIFFSS' counsel, and the execution of W-9's and W-4's by the PLAINTIFFSS, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-FOUR CENTS ($7,333.34) payable as follows:

| | |
|---|---|
| Michael Faillace & Associates | $2,420 by IRS Form 1099 |
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

5.    within sixty (60) days after Court approval of the settlement, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-THREE CENTS ($7,333.33) payable as follows:

| | |
|---|---|
| Michael Faillace & Associates | $2,419.99 by IRS Form 1099 |
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

6.      within ninety (90) days after Court approval of the settlement, the total amount of SEVEN THOUSAND THREE HUNDRED AND THIRTY-THREE DOLLARS WITH THIRTY-THREE CENTS ($7,333.33) payable as follows:

| Michael Faillace & Associates | $2,419.99 by IRS Form 1099 |
|---|---|
| Juan Pablo Encalada Flores | $982.67 by IRS Form 1099 and $982.67 by W-2 |
| Luis Encalada | $859.83 by IRS Form 1099 and $859.83 by W-2 |
| Luis Chimbay | $368.50 by IRS Form 1099 and $368.50 by W-2 |
| Manuel Chalco | $245.67 by IRS Form 1099 and $245.67 by W-2 |

7.      **Full Payment:**  Plaintiffs agree and affirm that the payments described in Paragraph 3A above shall constitute the entire amount of monetary consideration to be provided to them or their legal counsel by Defendants in exchange for the releases set forth in this Agreement.  Plaintiffs agree that these payments are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

8.      **Release of All Wage and Hour Claims against Defendants**: Plaintiffs hereby release and forever discharge Defendants, and their directors, officers, partners, shareholders, representatives, agents, owners, insurers, successors, subsidiaries, assigns, heirs, executors, administrators, and attorneys (hereinafter "Releasees") from any and all wage and hour claims, causes of action, and demands which Plaintiffs now have or have ever had against Releasees for damages, salaries, wages, compensation, commissions, spread-of-hours pay, statutory damages, retaliation, unlawful wage deductions, misappropriation of gratuities, overtime wages, minimum wages, expense reimbursement, uniform pay, monetary relief, and any other benefits of any kind, liquidated, statutory, and other damages, statutory penalties, interest, attorneys' fees, and costs, for the claims brought in this action and any other claim that could have been brought under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Protection Act, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Miscellaneous Wage Order, 12 N.Y.C.R.R. Part 142, and all such additional wage and hour claims that arise out of the identical factual predicate as the claims raised in the Litigation (collectively, the "Released Claims"). This release does not affect or limit: (1) claims that may arise after the date Plaintiffs sign this Agreement, and (2) Plaintiffs' rights to enforce the terms of this Agreement.

9.      **Covenant Not to Sue:**

A.      Except as provided in this Agreement, Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against the Releasees (as defined above), concerning any matter released in this Agreement. Further, Plaintiffs waive any right to become, and promise not to voluntarily become, a member of any class or collective action in a case in which any claim or claims are asserted against the Releasees, involving any act or event occurring from the first day of the world through the Effective Date of this Agreement that has been released herein.

B.      Plaintiffs hereby represent that they have no other pending actions, administrative charges or complaints, grievances or arbitrations against the Releasees for claims

3

that are released pursuant to this agreement. Moreover, Plaintiffs represent that they are currently unaware of any pending claims relating to their prior employment with Releasees for claims released herein.

10.     **Plaintiffs' Responsibility for Taxes**: Plaintiffs assume responsibility for the payment of any and all federal, state and local taxes which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws, with respect to their to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Plaintiffs understand and agree that Defendants and their attorneys are providing Plaintiffs with no representations regarding tax obligations or consequences that may arise from this Agreement. Plaintiffs agree to indemnify Defendants and hold Defendant harmless for all taxes, penalties, and interest, withholding or otherwise, for which Defendant may be found liable as a consequence of having paid monies to Plaintiffs pursuant to this Agreement. It is expressly agreed that if Defendants are required to provide payments for taxes, interest, penalties or other costs or liabilities to any taxing authority, Plaintiffs shall reimburse Defendants for such payments to such taxing authority within ten (10) days after Defendant notifies Plaintiffs' counsel, in writing, that it has incurred such liability, along with Defendants' attorney and accounting fees incurred.

11.     **Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Eastern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

12.     **Neutral Reference.** If contacted by future employers, the Defendants will provide verification to such prospective employers and other third parties of the dates that Plaintiffs provided services for the Defendants and their position(s) held. The Defendants will also advise any prospective employer that this is the only information they provide to any prospective employer for any employee or independent contractor of Defendants.

13.     **Interpretation/Jointly Drafted Agreement.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.  This Agreement has been negotiated by and between the Parties; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

14.     **Competence to Waive Claims**. At the time of considering or executing the Agreement, the parties were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. The parties are competent to execute this Agreement and Plaintiffs knowingly and voluntarily waive any and all wage and hour claims they may have against Releasees.

4

15.     **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement, other than the representations expressly stated in the Agreement.  This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto.

16.     **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

17.     **No Waiver.** Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

18.     **Execution in Counterparts and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

19.     **Binding on Assigns.**  This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, successors, legal administrators and assigns.

20.     **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

**PLAINTIFFS:**

Date: ~~WEGHINDAY~~ , 2019          *Luis Chimbay*

4-15-19

5

Date: _____ 04/15/19 _____, 2019

Date: _____ 04-15-19 _____, 2019

Date: _____ 04-15/19 _____, 2019

**DEFENDANTS:**

**Senator Construction Group Inc.**

By: _____

Date: _____, 2019

**Senator Construction Corporation**

By: _____

Date: _____, 2019

**Atiq Rehman**

Date: _____ 4 | 9 _____, 2019

**Muhammad Usman**

Date: _____ 4 | 9 | 19 _____, 2019

**EXHIBIT A**

**NEW YORK STATE SUPREME COURT**

-----------------------------------------------------------------X

LUIS ENCALADA, JUAN PABLO ENCALADA
FLORES AND LUIS CHIMBAY INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY
SITUATED

<div align="center">

*Plaintiffs,*

-against-

</div>

SENATOR CONSTRUCTION CORPORATION
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), SENATOR CONSTRUCTION GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), HAROON CONTRACTING GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), USMAN MUHAMMAD and ATIF RAFIQ
(A.K.A. ATIQ REHMAN),

<div align="center">

*Defendants*

</div>

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

-----------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

USMAN MUHAMMAD being duly sworn, deposes and says:

1.       I, USMAN MUHAMMAD, reside at _____.

2.       I have authority to sign on behalf of myself, on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.) and I am duly authorized to make this affidavit on my own, as well as on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.).

3.       I hereby confess judgment and authorize entry of judgment against myself and against each SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, in favor of Plaintiff for the sum of THIRTY-THREE THOUSAND DOLLARS ($33,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Encalada et al v. Senator Construction Corporation et al** Case No. **18-cv-3727** (the "Settlement Agreement"), signed by

Plaintiffs and Defendants in the above-captioned proceeding.

4.  This Confession of Judgment is for a debt justly due or to become due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement and it is less than the potential liability at stake in the predicate claims brought by Plaintiff.  This confession contemplates a greater sum than that reflected in the Settlement Agreement in order to capture a measure of the greater potential liability the Plaintiff compromised through the Settlement Agreement.

5.  I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally.

6.  I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, for the above designated sum.

7.  This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8.  In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9.  Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10.  Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____          _____
USMAN MUHAMMAD                            Date

STATE OF NEW YORK          }
                           }S.S.
COUNTY OF _____        }

On _____, 2019, before me personally came USMAN MUHAMMAD to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION

GROUP, INC.) and duly acknowledged to me that he executed the same.

*Geraldine R Kingston*

NOTARY PUBLIC

Geraldine R. Kingston
Notary Public
State Of New York
No. 01KI62024884
Commission Expires: 3/16/2021

NEW YORK STATE SUPREME COURT

----------------------------------------------------------X

LUIS ENCALADA, JUAN PABLO ENCALADA
FLORES AND LUIS CHIMBAY INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY
SITUATED

                     *Plaintiffs,*

                -against-

SENATOR CONSTRUCTION CORPORATION
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), SENATOR CONSTRUCTION GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), HAROON CONTRACTING GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), USMAN MUHAMMAD and ATIF RAFIQ
(A.K.A. ATIQ REHMAN),

                   *Defendants*

----------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK   )
                   ) ss.
COUNTY OF NEW YORK  )

ATIF RAFIQ being duly sworn, deposes and says:

1.      I, ATIF RAFIQ, reside at _____.

2.    I have authority to sign on behalf of myself, on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), and I am duly authorized to make this affidavit on my own, as well as on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.).

3.    I hereby confess judgment and authorize entry of judgment against myself and SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, in favor of Plaintiffs for the sum of THIRTY-THREE THOUSAND DOLLARS ($33,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Encalada et al v. Senator Construction Corporation et al** Case No. 18-cv-3727 (the "Settlement Agreement"), signed by Plaintiffs and

Defendants in the above-captioned proceeding.

4.      This Confession of Judgment is for a debt justly due or to become due to Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement and it is less than the potential liability at stake in the predicate claims brought by Plaintiff. This confession contemplates a greater sum than that reflected in the Settlement Agreement in order to capture a measure of the greater potential liability the Plaintiff compromised through the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally.

6.      I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, for the above designated sum.

7.      This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8.      In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9.      Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10.     /    Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____          __4_/_9_/_19____
ATIF RAFIQ                Date

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF __Kings__      }

On __9th Apr.__; 2019, before me personally came ATIF RAFIQ to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP,

INC.) and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

Geraldine R. Kingston
Notary Public
State Of New York
No. 01KI62024884
Commission Expires: 3/16/2021

**NEW YORK STATE SUPREME COURT**

----------------------------------------------------------------X

LUIS ENCALADA, JUAN PABLO ENCALADA
FLORES AND LUIS CHIMBAY INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY
SITUATED

<div style="text-align:right">

<u>AFFIDAVIT OF</u>
<u>CONFESSION</u>
<u>OF JUDGMENT</u>

</div>

    *Plaintiffs,*

     -against-

SENATOR CONSTRUCTION CORPORATION
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), SENATOR CONSTRUCTION GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), HAROON CONTRACTING GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), USMAN MUHAMMAD and ATIF RAFIQ
(A.K.A. ATIQ REHMAN),

     *Defendants*

----------------------------------------------------------------X

STATE OF NEW YORK )
       ) ss.
COUNTY OF NEW YORK )

   USMAN MUHAMMAD being duly sworn, deposes and says:

1.   I, USMAN MUHAMMAD, reside at _____.

2.  I have authority to sign on behalf of myself, on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.) and I am duly authorized to make this affidavit on my own, as well as on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.).

3.  I hereby confess judgment and authorize entry of judgment against myself and against each SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, in favor of Plaintiff for the sum of THIRTY-THREE THOUSAND DOLLARS ($33,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Encalada et al v. Senator Construction Corporation et al** Case No. **18-cv-3727** (the "Settlement Agreement"), signed by

Plaintiffs and Defendants in the above-captioned proceeding.

4.      This Confession of Judgment is for a debt justly due or to become due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement and it is less than the potential liability at stake in the predicate claims brought by Plaintiff.   This confession contemplates a greater sum than that reflected in the Settlement Agreement in order to capture a measure of the greater potential liability the Plaintiff compromised through the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally.

6.      I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, for the above designated sum.

7.      This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8.      In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9.      Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10.     Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____                    _____
USMAN MUHAMMAD                                          Date

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _____      }

On _____, 2019, before me personally came USMAN MUHAMMAD to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION

GROUP, INC.) and duly acknowledged to me that he executed the same.

_Geraldine R. Kingston_

NOTARY PUBLIC

Geraldine R. Kingston
Notary Public
State Of New York
No. 01KI62024884
Commission Expires: 3/16/2021

Geraldine R. Kingston
Notary Public
State Of New York
No. 01KI62024884
Commission Expires: 3/16/20__

**NEW YORK STATE SUPREME COURT**

-----------------------------------------------------------------X

LUIS ENCALADA, JUAN PABLO ENCALADA
FLORES AND LUIS CHIMBAY INDIVIDUALLY
AND ON BEHALF OF OTHERS SIMILARLY
SITUATED

<u>AFFIDAVIT OF
CONFESSION
OF JUDGMENT</u>

*Plaintiffs,*

-against-

SENATOR CONSTRUCTION CORPORATION
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), SENATOR CONSTRUCTION GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), HAROON CONTRACTING GROUP INC.
(D/B/A SENATOR CONSTRUCTION GROUP,
INC.), USMAN MUHAMMAD and ATIF RAFIQ
(A.K.A. ATIQ REHMAN),

*Defendants*

-----------------------------------------------------------------X

STATE OF NEW YORK    )
                                      ) ss.
COUNTY OF NEW YORK  )

ATIF RAFIQ being duly sworn, deposes and says:

1.          I, ATIF RAFIQ, reside at _____.

2.     I have authority to sign on behalf of myself, on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), and I am duly authorized to make this affidavit on my own, as well as on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.).

**3.**     I hereby confess judgment and authorize entry of judgment against myself and SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, in favor of Plaintiffs for the sum of THIRTY-THREE THOUSAND DOLLARS ($33,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Encalada et al v. Senator Construction Corporation et al** Case No. 18-cv-3727 (the "Settlement Agreement"), signed by Plaintiffs and

Defendants in the above-captioned proceeding.

    4.    This Confession of Judgment is for a debt justly due or to become due to Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement and it is less than the potential liability at stake in the predicate claims brought by Plaintiff. This confession contemplates a greater sum than that reflected in the Settlement Agreement in order to capture a measure of the greater potential liability the Plaintiff compromised through the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally.

    6.    I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), jointly and severally, for the above designated sum.

    7.    This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

    8.    In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

    9.    Judgment is not confessed with fraudulent intent or to protect my property from creditors.

    10.    Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____        4/9/19
ATIF RAFIQ         Date

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _Kings_      }

    On _9th Apr_; 2019, before me personally came ATIF RAFIQ to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of SENATOR CONSTRUCTION CORPORATION (D/B/A SENATOR CONSTRUCTION GROUP, INC.), SENATOR CONSTRUCTION GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP, INC.), HAROON CONTRACTING GROUP INC. (D/B/A SENATOR CONSTRUCTION GROUP,

INC.) and duly acknowledged to me that he executed the same.

*Geraldine R. Kingston*

NOTARY PUBLIC
Geraldine R. Kingston
Notary Public
State Of New York
No. 01KI62024884
Commission Expires: 3/16/2021

# EXHIBIT B

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Luis  Encalada                                                                                            April 25, 2019

|              |             |
|--------------|-------------|
| File #:      | SenatorCons |
| Inv #:       | Sample      |

**Attention:**

**RE:**      Encalada et al v. Senator Construction Corporation et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Apr-19-18 | Initial consultation with MF Luis Encalada | 1.00 | 450.00 | MF |
| Apr-25-18 | Drafted Complaint | 3.00 | 1,350.00 | MF |
| Apr-26-18 | Initial consultation with MF Juan Pablo Flores Encalada | 1.00 | 450.00 | MF |
| May-16-18 | Initial consultation with MF Luis Chimbay | 1.00 | 450.00 | MF |
| Sep-13-18 | review case file, start draft of mediation statement | 0.30 | 105.00 | GN |
|  | review and edit mediation statement | 0.40 | 140.00 | GN |
| Sep-20-18 | mediation | 3.40 | 1,190.00 | GN |
|  | travel from court | 0.30 | 52.50 | GN |
| Sep-24-18 | discussed settlement conference with PH | 0.10 | 45.00 | MF |
|  | review case file | 0.20 | 70.00 | GN |
| Sep-25-18 | review ltr and docket and edit ltr to court | 0.20 | 70.00 | GN |
| Sep-26-18 | review def produced document preparation, conference with SV, email def attorney's fees | 0.30 | 135.00 | GN |

| Oct-02-18 | email w/ def attorney and Court | 0.10 | 35.00 | GN |
|---|---|---|---|---|
| | email w/ def attorney re: schediuliong | 0.10 | 35.00 | GN |
| Oct-05-18 | telephone conference with def attorney re: scheduling | 0.10 | 35.00 | GN |
| Oct-30-18 | review Judges initial conference order | 0.10 | 35.00 | GN |
| Nov-06-18 | 26f confernce with def attorney | 0.30 | 105.00 | GN |
| | edit proposed case managment plan | 0.20 | 70.00 | GN |
| Nov-13-18 | preparation  for court conference | 0.40 | 180.00 | GN |
| | travel to court | 0.40 | 180.00 | GN |
| | court conference | 0.50 | 225.00 | GN |
| | travel from court | 0.30 | 135.00 | GN |
| Nov-14-18 | telephone conference with def attorney re: settlement | 0.10 | 35.00 | GN |
| | email SV re: to do | 0.10 | 45.00 | GN |
| | compare timesheets | 0.20 | 90.00 | GN |
| Nov-19-18 | conference with SV re: deficency | 0.10 | 45.00 | GN |
| Nov-30-18 | review answer to amended complaint | 0.10 | 35.00 | GN |
| Dec-19-18 | review def produced docs | 0.30 | 135.00 | GN |
| Jan-17-19 | review revised damages calculations | 0.40 | 140.00 | GN |
| Jan-18-19 | conference with SV re: status | 0.10 | 35.00 | GN |
| | email def attorney re: sett and discovery issues | 0.10 | 35.00 | GN |
| Jan-28-19 | conference with def attorney | 0.10 | 35.00 | GN |
| Jan-29-19 | review damages for new P and strategy | 0.40 | 140.00 | GN |

| Date | Description | Hours | Amount | Atty |
|---|---|---|---|---|
| Jan-30-19 | email w/ MF re: sett and telephone  SV | 0.10 | 35.00 | GN |
| Jan-31-19 | email def attorney | 0.10 | 35.00 | GN |
| Feb-01-19 | conference with def re: sett | 0.10 | 35.00 | GN |
| Mar-04-19 | conference with def attorney re: sett | 0.10 | 35.00 | GN |
| Mar-13-19 | review draft sett agreement | 0.20 | 70.00 | GN |
| Mar-25-19 | email w/ def attorney re: ltr to court | 0.10 | 35.00 | GN |
| Mar-29-19 | review and edit sett agreement | 0.70 | 245.00 | GN |
| Apr-16-19 | email w/ def attorney re: agreement | 0.10 | 35.00 | GN |
| Apr-24-19 | draft fairness motion | 1.30 | 455.00 | MF |
| | Totals | 18.50 | $7,292.50 | |

## DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| | Filing Fee | 400.00 |
| May-03-18 | Process Server for Senator Construction Corporation (Invoice # SP1806080) | 65.00 |
| | Process Server for Haroon Contracting Inc. (Invoice # SP1806077) | 72.00 |
| | Process Server for Senator Construction Group Inc. (Invoice # SP1806079) | 65.00 |
| | Totals | $602.00 |

**Total Fee & Disbursements**        **$7,894.50**

**Balance Now Due**        **$7,894.50**

# EXHIBIT C

| Week of | Total Hours Per Week | Rate | OT Hours | OT Rate | Unpaid OT | Damages | Grand Total |
|---|---|---|---|---|---|---|---|
| 1/8/2017 | Didn't Work With Senator | | | | | | |
| 1/15/2017 | Didn't Work With Senator | | | | | | |
| 1/22/2017 | Didn't Work With Senator | | | | | | |
| 1/29/2017 | Didn't Work With Senator | | | | | | |
| 2/5/2017 | Didn't Work With Senator | | | | | | |
| 2/12/2017 | Didn't Work With Senator | | | | | | |
| 2/19/2017 | Didn't Work With Senator | | | | | | |
| 2/26/2017 | Didn't Work With Senator | | | | | | |
| 3/5/2017 | Didn't Work With Senator | | | | | | |
| 3/12/2017 | Didn't Work With Senator | | | | | | |
| 3/19/2017 | Didn't Work With Senator | | | | | | |
| 3/26/2017 | Didn't Work With Senator | | | | | | |
| 4/2/2017 | Didn't Work With Senator | | | | | | |
| 4/9/2017 | Didn't Work With Senator | | | | | | |
| 4/16/2017 | Didn't Work With Senator | | | | | | |
| 4/23/2017 | Didn't Work With Senator | | | | | | |
| 4/30/2017 | Didn't Work With Senator | | | | | | |
| 5/7/2017 | Didn't Work With Senator | | | | | | |
| 5/14/2017 | Didn't Work With Senator | | | | | | |
| 5/21/2017 | Didn't Work With Senator | | | | | | |
| 5/28/2017 | Didn't Work With Senator | | | | | | |
| 6/4/2017 | Didn't Work With Senator | | | | | | |
| 6/11/2017 | Didn't Work With Senator | | | | | | |
| 6/18/2017 | Didn't Work With Senator | | | | | | |
| 6/25/2017 | Didn't Work With Senator | | | | | | |
| 7/2/2017 | Didn't Work With Senator | | | | | | |
| 7/9/2017 | Didn't Work With Senator | | | | | | |
| 7/16/2017 | Didn't Work With Senator | | | | | | |
| 7/23/2017 | Didn't Work With Senator | | | | | | |
| 7/30/2017 | 48 | $ 30.00 | 8 | $ 15.00 | $ 120.00 | $ 120.00 | $ 240.00 |
| 8/6/2017 | 47 | $ 30.00 | 7 | $ 15.00 | $ 105.00 | $ 105.00 | $ 210.00 |
| 8/13/2017 | 36 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 8/20/2017 | 48 | $ 30.00 | 8 | $ 15.00 | $ 120.00 | $ 120.00 | $ 240.00 |
| 8/27/2017 | 37 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 9/3/2017 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 9/10/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 9/17/2017 | 48 | $ 30.00 | 8 | $ 15.00 | $ 120.00 | $ 120.00 | $ 240.00 |
| 9/24/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 10/1/2017 | 50 | $ 30.00 | 10 | $ 15.00 | $ 150.00 | $ 150.00 | $ 300.00 |
| 10/8/2017 | 51 | $ 30.00 | 11 | $ 15.00 | $ 165.00 | $ 165.00 | $ 330.00 |
| 10/15/2017 | 53 | $ 30.00 | 13 | $ 15.00 | $ 195.00 | $ 195.00 | $ 390.00 |
| 10/22/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 10/29/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 11/5/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 11/12/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 11/19/2017 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 11/26/2017 | 55 | $ 30.00 | 15 | $ 15.00 | $ 225.00 | $ 225.00 | $ 450.00 |
| 12/3/2017 | 54 | $ 30.00 | 14 | $ 15.00 | $ 210.00 | $ 210.00 | $ 420.00 |
| 12/10/2017 | 50 | $ 30.00 | 10 | $ 15.00 | $ 150.00 | $ 150.00 | $ 300.00 |
| 12/17/2017 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 12/24/2017 | 29 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 12/31/2017 | 16 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/7/2018 | 37.5 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/14/2018 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/21/2018 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 1/28/2018 | 48.5 | $ 30.00 | 8.5 | $ 15.00 | $ 127.50 | $ 127.50 | $ 255.00 |
| 2/4/2018 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 2/11/2018 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 2/18/2018 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 2/25/2018 | 30 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 3/4/2018 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 3/11/2018 | Didn't Work With Senator | | | | | | |

| | | | | | TOTAL OT | TOTAL DAMAGES | GRAND TOTAL |
|---|---|---|---|---|---|---|---|
| | | | | | $ 2,407.50 | $ 2,407.50 | 4815.00 |

| Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/8/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 1/15/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 1/22/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 1/29/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 2/5/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 2/12/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 2/19/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 2/26/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 3/5/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 3/12/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 3/19/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 3/26/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 4/2/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 4/9/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 4/16/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 4/23/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 4/30/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 5/7/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 5/14/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 5/21/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 5/28/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 6/4/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 6/11/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 6/18/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 6/25/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 7/2/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 7/9/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 7/16/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 7/23/2017 | Didn't Work With Senator | | | | | | | | | | | |
| 7/30/2017 | 50 | $ | 18.00 | 10 | $ | 9.00 | $ | 90.00 | $ | 90.00 | $ | 180.00 |
| 8/6/2017 | 44 | $ | 18.00 | 4 | $ | 9.00 | $ | 36.00 | $ | 36.00 | $ | 72.00 |
| 8/13/2017 | 29.5 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 8/20/2017 | 24.5 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 8/27/2017 | 33.5 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 9/3/2017 | 38 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 9/10/2017 | 40 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 9/17/2017 | 48 | $ | 18.00 | 8 | $ | 9.00 | $ | 72.00 | $ | 72.00 | $ | 144.00 |
| 9/24/2017 | 46 | $ | 18.00 | 6 | $ | 9.00 | $ | 54.00 | $ | 54.00 | $ | 108.00 |
| 10/1/2017 | 42 | $ | 18.00 | 2 | $ | 9.00 | $ | 18.00 | $ | 18.00 | $ | 36.00 |
| 10/8/2017 | 49 | $ | 18.00 | 9 | $ | 9.00 | $ | 81.00 | $ | 81.00 | $ | 162.00 |
| 10/15/2017 | 18 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 10/22/2017 | 0 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 10/29/2017 | 38 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 11/5/2017 | 46 | $ | 18.00 | 6 | $ | 9.00 | $ | 54.00 | $ | 54.00 | $ | 108.00 |
| 11/12/2017 | 47.5 | $ | 18.00 | 7.5 | $ | 9.00 | $ | 67.50 | $ | 67.50 | $ | 135.00 |
| 11/19/2017 | 40 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 11/26/2017 | 55 | $ | 18.00 | 15 | $ | 9.00 | $ | 135.00 | $ | 135.00 | $ | 270.00 |
| 12/3/2017 | 51.5 | $ | 18.00 | 11.5 | $ | 9.00 | $ | 103.50 | $ | 103.50 | $ | 207.00 |
| 12/10/2017 | 50 | $ | 18.00 | 10 | $ | 9.00 | $ | 90.00 | $ | 90.00 | $ | 180.00 |
| 12/17/2017 | 41 | $ | 18.00 | 1 | $ | 9.00 | $ | 9.00 | $ | 9.00 | $ | 18.00 |
| 12/24/2017 | 8 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 12/31/2017 | 0 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 1/7/2018 | 15.5 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 1/14/2018 | 29 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 1/21/2018 | 46 | $ | 18.00 | 6 | $ | 9.00 | $ | 54.00 | $ | 54.00 | $ | 108.00 |
| 1/28/2018 | 47.5 | $ | 18.00 | 7.5 | $ | 9.00 | $ | 67.50 | $ | 67.50 | $ | 135.00 |
| 2/4/2018 | 38 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 2/11/2018 | 40 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 2/18/2018 | 40 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 2/25/2018 | 30 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 3/4/2018 | 29.5 | $ | 18.00 | 0 | $ | 9.00 | $ | - | $ | - | $ | - |
| 3/11/2018 | Didn't Work With Senator | | | | | | | | | | | |

| | TOTAL OT | | TOTAL DAMAGE | | GRAND TOTAL |
|---|---|---|---|---|---|
| | $ 931.50 | $ | 931.50 | | $ 1,863.00 |

| Week of | Total Hours Per Week | Rate | OT Hours | OT Rate | Unpaid OT | Damages | Grand Total |
|---|---|---|---|---|---|---|---|
| 1/8/2017 | Didn't Work With Senator | | | | | | |
| 1/15/2017 | Didn't Work With Senator | | | | | | |
| 1/22/2017 | Didn't Work With Senator | | | | | | |
| 1/29/2017 | Didn't Work With Senator | | | | | | |
| 2/5/2017 | Didn't Work With Senator | | | | | | |
| 2/12/2017 | Didn't Work With Senator | | | | | | |
| 2/19/2017 | Didn't Work With Senator | | | | | | |
| 2/26/2017 | Didn't Work With Senator | | | | | | |
| 3/5/2017 | Didn't Work With Senator | | | | | | |
| 3/12/2017 | Didn't Work With Senator | | | | | | |
| 3/19/2017 | Didn't Work With Senator | | | | | | |
| 3/26/2017 | Didn't Work With Senator | | | | | | |
| 4/2/2017 | Didn't Work With Senator | | | | | | |
| 4/9/2017 | Didn't Work With Senator | | | | | | |
| 4/16/2017 | Didn't Work With Senator | | | | | | |
| 4/23/2017 | Didn't Work With Senator | | | | | | |
| 4/30/2017 | Didn't Work With Senator | | | | | | |
| 5/7/2017 | Didn't Work With Senator | | | | | | |
| 5/14/2017 | Didn't Work With Senator | | | | | | |
| 5/21/2017 | Didn't Work With Senator | | | | | | |
| 5/28/2017 | Didn't Work With Senator | | | | | | |
| 6/4/2017 | Didn't Work With Senator | | | | | | |
| 6/11/2017 | Didn't Work With Senator | | | | | | |
| 6/18/2017 | Didn't Work With Senator | | | | | | |
| 6/25/2017 | Didn't Work With Senator | | | | | | |
| 7/2/2017 | Didn't Work With Senator | | | | | | |
| 7/9/2017 | Didn't Work With Senator | | | | | | |
| 7/16/2017 | Didn't Work With Senator | | | | | | |
| 7/23/2017 | Didn't Work With Senator | | | | | | |
| 7/30/2017 | 50 | $ 30.00 | 10 | $ 15.00 | $ 150.00 | $ 150.00 | $ 300.00 |
| 8/6/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 8/13/2017 | 32 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 8/20/2017 | 17 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 8/27/2017 | 41.5 | $ 30.00 | 1.5 | $ 15.00 | $ 22.50 | $ 22.50 | $ 45.00 |
| 9/3/2017 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 9/10/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 9/17/2017 | 48 | $ 30.00 | 8 | $ 15.00 | $ 120.00 | $ 120.00 | $ 240.00 |
| 9/24/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 10/1/2017 | 44 | $ 30.00 | 4 | $ 15.00 | $ 60.00 | $ 60.00 | $ 120.00 |
| 10/8/2017 | 51.5 | $ 30.00 | 11.5 | $ 15.00 | $ 172.50 | $ 172.50 | $ 345.00 |
| 10/15/2017 | 55 | $ 30.00 | 15 | $ 15.00 | $ 225.00 | $ 225.00 | $ 450.00 |
| 10/22/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 10/29/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 11/5/2017 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 11/12/2017 | 47.5 | $ 30.00 | 7.5 | $ 15.00 | $ 112.50 | $ 112.50 | $ 225.00 |
| 11/19/2017 | 34 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 11/26/2017 | 55 | $ 30.00 | 15 | $ 15.00 | $ 225.00 | $ 225.00 | $ 450.00 |
| 12/3/2017 | 56 | $ 30.00 | 16 | $ 15.00 | $ 240.00 | $ 240.00 | $ 480.00 |
| 12/10/2017 | 44 | $ 30.00 | 4 | $ 15.00 | $ 60.00 | $ 60.00 | $ 120.00 |
| 12/17/2017 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 12/24/2017 | 29 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 12/31/2017 | 16 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/7/2018 | 29.5 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/14/2018 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/21/2018 | 38 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 1/28/2018 | 48.5 | $ 30.00 | 8.5 | $ 15.00 | $ 127.50 | $ 127.50 | $ 255.00 |
| 2/4/2018 | 46 | $ 30.00 | 6 | $ 15.00 | $ 90.00 | $ 90.00 | $ 180.00 |
| 2/11/2018 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 2/18/2018 | 40 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 2/25/2018 | 30 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 3/4/2018 | 30 | $ 30.00 | 0 | $ 15.00 | $ - | $ - | $ - |
| 3/11/2018 | Didn't Work With Senator | | | | | | |

| | | | | TOTAL OT | TOTAL DAMAGES | GRAND TOTAL |
|---|---|---|---|---|---|---|
| | | | | $ 2,145.00 | $ 2,145.00 | |

| Week of | Total Hours Per Week | Rate | OT Hours | OT Rate | Unpaid OT | Damages | Grand Total |
|---|---|---|---|---|---|---|---|
| 1/8/2017 | Didn't Work With Senator | | | | | | |
| 1/15/2017 | Didn't Work With Senator | | | | | | |
| 1/22/2017 | Didn't Work With Senator | | | | | | |
| 1/29/2017 | Didn't Work With Senator | | | | | | |
| 2/5/2017 | Didn't Work With Senator | | | | | | |
| 2/12/2017 | Didn't Work With Senator | | | | | | |
| 2/19/2017 | Didn't Work With Senator | | | | | | |
| 2/26/2017 | Didn't Work With Senator | | | | | | |
| 3/5/2017 | Didn't Work With Senator | | | | | | |
| 3/12/2017 | Didn't Work With Senator | | | | | | |
| 3/19/2017 | Didn't Work With Senator | | | | | | |
| 3/26/2017 | Didn't Work With Senator | | | | | | |
| 4/2/2017 | Didn't Work With Senator | | | | | | |
| 4/9/2017 | Didn't Work With Senator | | | | | | |
| 4/16/2017 | Didn't Work With Senator | | | | | | |
| 4/23/2017 | Didn't Work With Senator | | | | | | |
| 4/30/2017 | Didn't Work With Senator | | | | | | |
| 5/7/2017 | Didn't Work With Senator | | | | | | |
| 5/14/2017 | Didn't Work With Senator | | | | | | |
| 5/21/2017 | Didn't Work With Senator | | | | | | |
| 5/28/2017 | Didn't Work With Senator | | | | | | |
| 6/4/2017 | Didn't Work With Senator | | | | | | |
| 6/11/2017 | Didn't Work With Senator | | | | | | |
| 6/18/2017 | Didn't Work With Senator | | | | | | |
| 6/25/2017 | Didn't Work With Senator | | | | | | |
| 7/2/2017 | Didn't Work With Senator | | | | | | |
| 7/9/2017 | Didn't Work With Senator | | | | | | |
| 7/16/2017 | Didn't Work With Senator | | | | | | |
| 7/23/2017 | Didn't Work With Senator | | | | | | |
| 7/30/2017 | 48 | $ 18.00 | 8 | $ 9.00 | $ 72.00 | $ 72.00 | $ 144.00 |
| 8/6/2017 | 39 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 8/13/2017 | 33 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 8/20/2017 | 48 | $ 18.00 | 8 | $ 9.00 | $ 72.00 | $ 72.00 | $ 144.00 |
| 8/27/2017 | 37 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 9/3/2017 | 26 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 9/10/2017 | 20 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 9/17/2017 | 38 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 9/24/2017 | 46 | $ 18.00 | 6 | $ 9.00 | $ 54.00 | $ 54.00 | $ 108.00 |
| 10/1/2017 | 39 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 10/8/2017 | 37.5 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 10/15/2017 | 46 | $ 18.00 | 6 | $ 9.00 | $ 54.00 | $ 54.00 | $ 108.00 |
| 10/22/2017 | 36 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 10/29/2017 | 45 | $ 18.00 | 5 | $ 9.00 | $ 45.00 | $ 45.00 | $ 90.00 |
| 11/5/2017 | 40 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 11/12/2017 | 38.5 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 11/19/2017 | 31.5 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 11/26/2017 | 48 | $ 18.00 | 8 | $ 9.00 | $ 72.00 | $ 72.00 | $ 144.00 |
| 12/3/2017 | 40 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 12/10/2017 | 18 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 12/17/2017 | 43.5 | $ 18.00 | 3.5 | $ 9.00 | $ 31.50 | $ 31.50 | $ 63.00 |
| 12/24/2017 | 0 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 12/31/2017 | 11.5 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 1/7/2018 | 37 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 1/14/2018 | 48 | $ 18.00 | 8 | $ 9.00 | $ 72.00 | $ 72.00 | $ 144.00 |
| 1/21/2018 | 40 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 1/28/2018 | 48 | $ 18.00 | 8 | $ 9.00 | $ 72.00 | $ 72.00 | $ 144.00 |
| 2/4/2018 | 32 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 2/11/2018 | 50.5 | $ 18.00 | 10.5 | $ 9.00 | $ 94.50 | $ 94.50 | $ 189.00 |
| 2/18/2018 | 38 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 2/25/2018 | 39 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 3/4/2018 | 22.5 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |
| 3/11/2018 | 8 | $ 18.00 | | $ 9.00 | $ - | $ - | $ - |

| | TOTAL OT | TOTAL DAMAGES | GRAND TOTAL |
|---|---|---|---|
| | $ 639.00 | $ 639.00 | 1,278.00 |